UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF AMTRUST BANK,<br><br>　　　　Plaintiff,<br>　v.<br><br>TICOR TITLE COMPANY, a Washington corporation,<br><br>　　　　Defendant. | Case No. C15-1029RSM<br><br>ORDER ON MOTIONS IN LIMINE |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiff Federal Deposit Insurance Corporation as Receiver of AmTrust Bank ("FDIC-R")'s Motion in Limine, Dkt. #61, and Defendant Ticor Title Company ("Ticor")'s Motions in Limine, Dkt. #62. The Court has determined that oral argument is unnecessary. For the reasons set forth below, Plaintiff's Motion is DENIED IN PART AND DEFERRED IN PART and Defendants' Motions are GRANTED IN PART AND DEFERRED IN PART.

## II.　PLAINTIFF'S MOTION IN LIMINE

As an initial matter, the Court notes that Plaintiff's single Motion in Limine is divided into two distinct parts and is actually two motions. Plaintiff's Motion in Limine Part A, to exclude evidence and argument relating to Defendant's Seventh and Tenth Affirmative

ORDER ON MOTIONS IN LIMINE - 1

Defenses, is DENIED. Plaintiff's Motion in Limine Part B, to exclude evidence and argument relating to Plaintiff's bank failure based on relevancy, is DEFERRED. The Court agrees with Defendant that Plaintiff's Motion Part A amounts to an untimely motion to dismiss affirmative defenses. *See* Dkt. #66 at 2. Plaintiff has been well aware of these defenses and could have moved to dismiss them prior to the dispositive motion deadline. Further, the Court is not convinced at this stage that Defendant's evidence and arguments as to these affirmative defenses will be irrelevant. Defendant will be free to present evidence and argument related to these defenses.[1] Because the upcoming trial is a bench trial, and without a jury, the Court will be free to rule on the relevance of evidence and lines of questioning at trial without prejudicing the jury or otherwise wasting time. *See, e.g., Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, 80 F. Supp. 3d 1180, 1216 (E.D. Wash. 2015) ("[R]ule 403 has a limited role, if any, in a bench trial."). The Court will defer ruling on Part B of Plaintiff's Motion given its ability to rule on relevance at trial.

### III. DEFENDANT'S MOTIONS IN LIMINE

Defendant first moves to exclude evidence and argument related to "any alleged fraud or any alleged payments from Francis Fitzmaurice or Canterbury Construction to Kenneth Schwarz after the closing of the subject real estate transaction and loan on November 28, 2007." Dkt. #62 at 2. Defendant bases its Motion on FRE 401-403. *Id.* at 3. This Motion is DEFERRED. Such evidence constitutes background information that the Court is capable of examining for relevance during trial. *See Cmty. Ass'n for Restoration of the Env't, Inc., supra.* Because this is a bench trial, the Court will be free to rule on any objections to this evidence without prejudicing a jury. *Id.*

---

[1] The Court notes that Defendant has stated it "does not intend to argue at trial any comparative or contributory negligence on the part of AmTrust related to this transaction, since such evidence would be irrelevant." Dkt. #66 at 2.

ORDER ON MOTIONS IN LIMINE - 2

Defendant next moves to preclude Plaintiff from submitting into evidence the deposition of Agnes Yip instead of calling Ms. Yip as a witness, and to exclude such deposition testimony as hearsay. This Motion is GRANTED IN PART AND DEFERRED IN PART.  Defendant argues that this deposition was not taken in this action and may not be simply offered into evidence under Rule 32(a)(8).  This rule states in part that "[a] deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8).  Plaintiff argues that "Yip's deposition was taken in the context of FDIC-R's administrative investigation of the breach of contract claim against Ticor asserted in this lawsuit" and that the proceeding involved "the same subject matter between the same parties." Dkt. #65 at 5.  Plaintiff argues that "the circumstances present here satisfy the requirements of FRCP 32(a)(8)" and that the Court should liberally construe this rule. *Id.*  The Court disagrees with Plaintiff.  The deposition was not taken in a federal or state court action but during an administrative process.  Ticor was not a party to that action.  *See* Dkt. #39-1 at 15 (the caption lists the case as "In the Matter of AmTrust Bank").  Although Defendant may have been represented by counsel present at the Yip deposition, this alone does not satisfy Rule 32(a)(8), nor has Plaintiff offered any case law to convince the Court otherwise.  Plaintiff argues that Ms. Yip's deposition could be offered under Rule 32(a)(3), but the Court concludes that Ms. Yip was clearly not an officer, director, or managing agent of Defendant itself at any time.  For these reasons, the Court will preclude Plaintiff from submitting the deposition into evidence in lieu of producing Ms. Yip as a live witness.  The Court will DEFER ruling on any hearsay objection.  Nothing in this ruling

ORDER ON MOTIONS IN LIMINE - 3

precludes Plaintiff from using the deposition transcript at issue to impeach Ms. Yip should she appear as a witness.

## IV.     CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motions In Limine (Dkt. #61) are DENIED IN PART and DEFERRED IN PART as stated above; and

2. Defendant's Motions In Limine (Dkt. #62) are GRANTED IN PART and DEFERRED as stated above.

DATED this 30th day of December, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS IN LIMINE - 4