UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF AMTRUST BANK,<br><br>        Plaintiff,<br>   v.<br><br>TICOR TITLE COMPANY, a Washington corporation,<br><br>        Defendant. | Case No. C15-1029RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL |

This matter comes before the Court on Plaintiff Federal Deposit Insurance Corporation as Receiver of AmTrust Bank ("FDIC-R")'s Motion to Amend Scheduling Order to Reopen Discovery and Continue Trial, Dkt. #64.  The Court finds no need for oral argument.

On March 7, 2014, Plaintiff took a pre-litigation, administrative deposition of Defendant's former employee, Agnes Yip.  *See* Dkt. #50-2.  Plaintiff filed this lawsuit on June 26, 2015, based in part on Ms. Yip's testimony.  *See* Dkt. #1 at 5.  The Court's current Scheduling Order required discovery to be completed by September 12, 2016, and set a trial date of January 9, 2017.  Dkt. #17.  On November 7, 2016, nearly two months after the discovery cut-off in this case, Defendant submitted a declaration from Ms. Yip (the "Yip Declaration") in opposition to Plaintiff's motion for summary judgment.  *See* Dkt. #51.

Plaintiff moves the Court pursuant to LCR 16(b)(4) to "amend the scheduling order to (1) reopen discovery for the limited purpose of permitting the FDIC-R to take the deposition of

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL - 1

Agnes Yip, and (2) grant a brief, two-week continuance of the trial in this matter to accommodate the Yip deposition." Dkt. #64 at 1-2. Plaintiff argues that this Court's December 14, 2016, Order "indicated that the trial may focus upon Ms. Yip's new assertions that HomeLink, not AmTrust, was the lender in this case." *Id*. at 4 (citing Dkt. #63 at 8-9). Plaintiff argues that Ms. Yip made factual assertions after the close of discovery and that it was unable to cross-examine her about them prior to the close of discovery. *Id.* Plaintiff argues that the Federal Rules of Civil Procedure "are designed to eliminate the element of surprise, gamesmanship, and 'gotcha' tactics from trial." *Id.*

In Response, Defendant argues that Plaintiff's Motion is untimely and that "Plaintiff's procedural missteps in prosecuting its case against Ticor do not support any good faith basis upon which to afford it an opportunity to depose Agnes Yip months past the discovery deadline set by this Court." Dkt. #68 at 3. Defendant argues that Plaintiff fails to set forth diligence in deposing Ms. Yip within the context of this litigation. *Id*. at 4. Defendant spends several pages attacking the integrity of the deposition itself. *See id.* at 6-7. Defendant argues that "in the wake of the Court's ruling on summary judgment against both parties and impending trial in less than two (2) weeks, a deposition of Ms. Yip and continuance of trial is without good cause and unduly prejudicial to Ticor." *Id*. at 7. Defendant notes that it filed Ms. Yip's declaration on November 7, 2016, but that Plaintiff waited until December 22, 2016, to file this Motion, and argues that this shows a lack of diligence. *Id.* at 8. Defendant argues that "there is no new relevant information Plaintiff can gain from a deposition of Ms. Yip, and hence no prejudice to Plaintiff in denying the motion." *Id.* at 9. No Reply brief has been filed.

Under the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v.*

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL - 2

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013).

As an initial matter, the Court notes that its December 14, 2016, Order did not emphasize that "trial may focus on Ms. Yip's new assertions…" as argued by Plaintiff. The Court's ruling did not rely on Ms. Yip's new declaration to raise a question of fact as to whether HomeLink, not AmTrust, was the lender in this case. Instead, the Court stated that "**[t]he key documents** show that HomeLink, not AmTrust, was listed as the lender in this Transaction," and that "Ms. Yip's deposition does not change this fact." Dkt. #63 at 8 (emphasis added). These key documents have been a part of this case since its inception.

Turning to the substance of the instant Motion, the Court generally agrees with Defendant's analysis. Plaintiff failed to act diligently in deposing Ms. Yip in this litigation and has otherwise failed to show good cause to extend the discovery deadline, especially given the closeness to trial and the Court's prior rulings on summary judgment. These arguments are left uncontested by Plaintiff. Given all of the above, the Court will deny Plaintiff's Motion.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion is DENIED.

DATED this 3 day of January, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL - 3